**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| **M.D., A MINOR, BY AND THROUGH HIS PARENT AND NEXT FRIEND, TIFFANY BAILEY,**<br>3074 30th Street SE Apt. #7430<br>Washington, D.C. 20020<br><br>*Plaintiffs*<br>v.<br><br>**KINGSMAN ACADEMY PUBLIC CHARTER SCHOOL**<br>1375 E Street NE<br>Washington, D.C. 20002<br><br>*Defendant.* | Case No. _____<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT AND JURY DEMAND**

**NOW COME** the Plaintiffs, M.D., a minor, through his parent and next friend Tiffany Bailey, by and through their attorneys, Ketterer, Browne & Associates, LLC, and bring forth this Complaint against the Defendant, Kingsman Academy Public Charter School, and in support sets forth the following:

**PARTIES, JURISDICTION, AND VENUE**

1.   Plaintiff M.D. is a minor resident of 3074 20th Street SE Apt. #7430, Washington, D.C. 20020 (hereinafter referred to as "M.D.").

2.   Plaintiff Tiffany Bailey is an adult resident of 3074 20th Street SE Apt. #7430, Washington, D.C. 20020 (hereinafter referred to as "Ms. Bailey") and is the mother of M.D., a minor.

3.   M.D. and Ms. Bailey will be referred to collectively as "Plaintiffs".

4.      At all times relevant to this action, Defendant Kingsman Academy Public Charter School (hereinafter referred to as "Kingsman Academy") is a corporation organized and existing under the laws of the District of Columbia and maintains its principal place of business at 1 1375 E St NE, Washington, D.C, District of Columbia 20002.

5.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, because Plaintiffs' statutory claim asserts a federal question over which this Court has jurisdiction and Plaintiffs asserts state-law claims over which this Court has supplemental jurisdiction.

6.      This Court has personal jurisdiction over Defendant pursuant to Fed. R. Civ. P. 4(k)(1)(a) because Defendant is domiciled in and conducts business within this judicial district. 4.

7.      Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) because all the acts and omissions alleged herein occurred in this judicial district.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

## KINGSMAN ACADEMY PROMISES SAFETY FOR ITS STUDENTS

8.      Kingsman Academy's mission is to offer educational programs geared towards students who have behavioral or emotional disabilities.

9.      As part of its recruitment efforts, Kingsman Academy boasts that it offers individualized instruction and additional resources for all students, rich special education services, a strong Response-to-Intervention (RtI) program, a schoolwide Positive Behavioral Interventions and Supports (PBIS) program, numerous co-curricular and extracurricular programs, and an emphasis on family engagement.

10.     As part of its efforts to ensure student safety, Kingsman Academy installed metal detectors in the entrance to its building in or around 2015.

11. In that same year, Kingsman Academy implemented a bullying policy aimed at identifying, preventing and responding to reports of bullying, harassment and violence between students.

12. Kingsman Academy's "Student Handbook" specifies that students who are unable to successfully clear security procedures, such as medical detectors, will not be allowed access into the school building.

## M.D. IS ASSAULTED AT KINGSMAN ACADEMY

13. M.D. enrolled as a student at Kingsman Academy in the fall of 2019, the start of his 7th grade academic year.

14. Representatives of Kingsman Academy assured Ms. Bailey that M.D. would be safe on school property.

15. At all times during M.D.'s tenure at Kingsman Academy, the metal detectors referenced in Kingsman Academy's policy handbooks and safety procedure documents were not operational.

16. M.C. began his freshman year at Kingsman Academy in the fall of 2021.

17. In or around late September 2021, a male student, D.S., and his brother threatened to attack M.D. on the way home from school that day.

18. D.S. and his brother had previously bullied, harassed and assaulted M.D. during the previous school year, often during class, and the behavior continued into the fall of 2021.

19. D.S. had a history of violence behavior and had been previously arrested. D.S. was required to wear an ankle monitoring bracelet at all times.

20. M.D. reported the threat to a Kingsman Academy administrator, Ms. Hailey, who called M.D. an Uber to bring him home before the close of school for that day.

21. Ms. Bailey was not informed by Kingsman Academy that her son had been threatened with physical violence.

22. On October 6, 2021, M.D. and other Kingsman Academy students were in the gymnasium, unsupervised by any faculty or staff, when D.S. and other students began shouting at M.D. and threw basketballs at him.

23. D.S. eventually pulled a knife on M.D.

24. D.S. student attacked M.D., hitting him in the head and eventually stabbing M.D. in the wrist and in the back of the head.

25. M.D. immediately ran out of the gym holding his wrist and sought the help of an adult.

26. M.D. ran into the main office, where he encountered Ms. Hailey.

27. Ms. Hailey offered to get paper napkins for M.D. so that he could soak up the blood from his wound, but did not call 911 or alert any other faculty or staff as to the assault.

28. Confused and shocked, M.D. used his cell phone to call his brother, who urged him to call the police.

29. M.D. called the police on his own behalf, while attending to his stab wound.

30. The police arrived at Kingsman Academy approximately 5-10 minutes after M.D. placed his call, with the ambulance arriving approximately 15 minutes after their arrival.

31. At no time did any employee of Kingsman Academy contact the police or Ms. Bailey to inform them of M.D.'s assault.

32. Kingsman Academy allowed D.S. to leave school grounds and did not contact law enforcement regarding the incident for over a week.

33. M.D. was taken to the Howard University Hospital by ambulance, where he received staples in his head and stitches in his wrist.

34. M.D. also underwent a CT scan on his wrist and head and required further medical care for his injuries.

35. M.D.'s assailant, D.S., was later apprehended by police and charged with assault with a deadly weapon and possession of a deadly weapon.

36. D.S. pleaded guilty to the charges.

37. Ms. Bailey has requested the incident report that Kingsman Academy created for this assault but has been denied access to its contents.

38. Overwhelmed by trauma and Kingsman Academy's failure to prevent the assault and protect him from violence, M.D. began to exhibit increased symptoms of anxiety and depression.

39. Due to the severity of his emotional distress stemming from his violent assault at Kingsman Academy, M.D. has been forced to undergo mental health treatment.

## CAUSES OF ACTION

### COUNT I – *Violation of 20 U.S.C. § 1681, et. seq.*
### *Title IX of the Education Amendments Act*

40. Plaintiffs incorporate and reallege all paragraphs of this Complaint into this Count.

41. During the relevant timeframe, Kingsman Academy was a recipient of federal education funding within the meaning of Title IX, 20 U.S.C. § 1681(a).

42. Kingsman Academy exercised substantial control over the student who assaulted M.D.

43. All the events giving rise to this claim occurred on Kingsman Academy grounds.

44. In October 2021, M.D. faced severe discrimination based on sex when he was violently assaulted, both verbally and physically, on school grounds by Kingsman Academy students. The assault and harassment M.D. endured were sufficiently severe, pervasive, and objectively offensive to constitute a hostile educational environment for him at Kingsman Academy.

45. Defendant Kingsman Academy was on actual notice of the harassment and assaults committed on M.D. and the hostile environment that existed at the school during M.D.'s time there.

46. Despite being on actual notice of the assaults on and harassment of M.D., Kingsman Academy failed to take meaningful action to investigate the behavior and/or to protect M.D. from retaliation on the part of faculty, staff, and fellow students regarding M.D.'s attempts to seek out a safe educational environment.

47. Kingsman Academy acted with deliberate indifference to the complaints and other notice regarding the ongoing hostile education environment, ongoing threats, bullying, and retaliation faced by M.D. after reporting that he was bullied, harassed and assaulted.

48. The hostile educational environment at Kingsman Academy effectively barred M.D.'s access to educational opportunities and benefits because he was forced to leave in-person enrollment at Kingsman Academy due to the continuing hostile environment at the school.

49. In addition to the foregoing violations of Title IX, Kingsman Academy violated its Title IX obligations by:

a. Failing to have a Title IX coordinator or any other person to receive complaints about gender-based discrimination, harassments, and/or assaults;

b.      Failing to have any policy for a student's reporting of harassment and/or sexual assault;

c.      Failing to have a program for prevention of harassment and assault;

d.      Failing to have a program or policy for investigating harassment or assault;

e.      Failing to have a program or policy for offering accommodations to victims of assault;

f.      Failing to have a program or policy for preventing retaliation against those who report harassment and/or assault; and

g.      Failing to supervise, monitor, and/or train staff to handle reports of harassment and assault appropriately and adequately.

50.     As a direct and proximate cause of Kingsman Academy's violation of Title IX, M.D. has been deprived of educational opportunities and benefits that delayed his academic attainment. This deprivation was the result of Kingsman Academy's deliberate indifference to the hostile educational environment at Kingsman Academy.

51.     As a direct and proximate cause of Kingsman Academy's violation of Title IX, M.D. has experienced and will likely continue to experience severe emotional distress accompanied by objective physical manifestations and/or symptoms (such as nausea, vomiting, elevated heart rate, sweating, nightmares, night terrors, and inability to sleep), loss of functioning, loss of earning potential, medical bills, and other pecuniary harms to be established at trial.

**WHEREFORE** Plaintiffs demand compensatory damages to be proven at trial in excess of the jurisdictional amount of $75,000; all costs and expenses of this lawsuit, including attorneys' fees; enhanced compensatory damages as permitted by law; punitive damages in an amount to be determined at trial; and all other and further relief that justice may require.

## COUNT II – *Negligent Hiring, Supervision and Retention*

52. Plaintiffs incorporate and reallege all paragraphs of this Complaint into this Count.

53. Kingsman Academy had a fiduciary relationship with M.D. as both a student and minor under the age of 18.

54. As a Washington, D.C. educational institution, Kingsman Academy owed M.D. a special duty of trust and confidence to ensure his safety and well-being.

55. Kingsman Academy, through their owners, managers agents, and/or staff, breached their duty owed to M.D. by, among other things:

   a. Failing to properly protect M.D., a minor, from bullying, harassment and assault;

   b. Improperly protecting M.D., a minor, from bullying, harassment and assault;

   c. Failing to investigate, correct, and/or otherwise address the openly pervasive environment of bullying and harassment that existed between its male students;

   d. Ignoring and/or otherwise failing to properly address complaints about numerous instances of bullying, harassment and assaults occurring on the Kingsman Academy campus;

   e. Failing to promptly report M.D.'s assault to the authorities;

   f. Failing to take any action to prevent retaliation against M.D. after his experiences with bullying, harassment and assault were reported to Kingsman Academy;

   g. Failing to heed numerous warnings regarding broken metal detectors and lax security; and

   h. Failing to supervise, monitor, and/or train staff to handle reports of bullying, harassment and assault appropriately and adequately.

56. Kingsman Academy knew or should have known that it created an environment in which male students frequently engaged in bullying and harassment towards other students that often culminated in physical violence.

57. Kingsman Academy knew or should have known that it had created an opportunity for M.D. to be violently assaulted and harassed and that the lack of protocols for which incidents of harassment and assault were reported and corrected were woefully insufficient.

58. Kingsman Academy failed to provide adequate training, monitoring, and supervision of its employees concerning reports of bullying, harassment and assault.

59. Kingsman Academy carelessly and recklessly failed to supervise its male students, even after specific complaints of bullying, harassment and assault had been lodged against them by various students, including M.D.

60. Kingsman Academy's conduct was wanton, malicious, or oppressive in that Kingsman Academy disregarded or exhibited reckless indifference to the foreseeable risks of harm and acted with ill will, hatred, hostility, a bad motive, or the intent to abuse its power.

61. As a direct and proximate cause of Kingsman Academy's violation of its fiduciary duty to him, M.D. has experienced and will likely continue to experience severe emotional distress accompanied by physical manifestations (such as nausea, vomiting, elevated heart rate, sweating, nightmares, night terrors, and inability to sleep) and other harms to be established at trial.

62. As a direct and proximate result of Kingsman Academy's negligence, M.D. sustained serious injuries, had to undergo treatment and medical care, to incur medical expenses, incur lost wages, to lose time from his daily pursuits, to lose the ability to function normally, and he suffered impairment of his future earnings.

**WHEREFORE** Plaintiffs demand compensatory damages to be proven at trial in excess of the jurisdictional amount of $75,000; all costs and expenses of this lawsuit, including attorneys' fees; enhanced compensatory damages as permitted by law; punitive damages in an amount to be determined at trial; and all other and further relief that justice may require.

## **COUNT III –** *Negligence*

63. Plaintiffs incorporate and reallege all paragraphs of this Complaint into this Count.

64. Upon M.D.'s enrollment as a student at Kingsman Academy, the school assumed custody of him and other students while on the Kingsman Academy premises.

65. In so doing, Kingsman Academy entered into a relationship with M.D. that imposed on it a duty of reasonable care, including, among other things, a duty of supervision to protect M.D. rom reasonably foreseeable harm.

66. Kingsman Academy, through their owners, managers agents, and/or staff, breached their duty owed to M.D. by, among other things:

   a. Failing to properly protect M.D., a minor, from bullying, harassment and assault;

   b. Improperly protecting M.D., a minor, from bullying, harassment and assault;

   c. Failing to investigate, correct, and/or otherwise address the openly pervasive environment of bullying and harassment that existed between its male students;

   d. Ignoring and/or otherwise failing to properly address complaints about numerous instances of bullying, harassment and assaults occurring on the Kingsman Academy campus;

   e. Failing to promptly report M.D.'s assault to the authorities;

   f. Failing to take any action to prevent retaliation against M.D. after his experiences with bullying, harassment and assault were reported to Kingsman Academy;

      g. Failing to heed numerous warnings regarding broken metal detectors and lax security; and

      h. Failing to supervise, monitor, and/or train staff to handle reports of bullying, harassment and assault appropriately and adequately.

67. Kingsman Academy knew or should have known that it created an environment in which male students frequently engaged in bullying and harassment towards other students that often culminated in physical violence.

68. Kingsman Academy knew or should have known that it had created an opportunity for M.D. to be violently assaulted and harassed and that the lack of protocols for which incidents of harassment and assault were reported and corrected were woefully insufficient.

69. Kingsman Academy failed to provide adequate training, monitoring, and supervision of its employees concerning reports of bullying, harassment and assault.

70. Kingsman Academy carelessly and recklessly failed to supervise its male students, even after specific complaints of bullying, harassment and assault had been lodged against them by various students, including M.D.

71. Kingsman Academy's conduct was wanton, malicious, or oppressive in that Kingsman Academy disregarded or exhibited reckless indifference to the foreseeable risks of harm and acted with ill will, hatred, hostility, a bad motive, or the intent to abuse its power.

72. As a direct and proximate cause of Kingsman Academy's violation of its fiduciary duty to him, M.D. has experienced and will likely continue to experience severe emotional distress accompanied by physical manifestations (such as nausea, vomiting, elevated heart rate, sweating, nightmares, night terrors, and inability to sleep) and other harms to be established at trial.

73. As a direct and proximate result of Kingsman Academy's negligence, M.D. sustained serious injuries, had to undergo treatment and medical care, to incur medical expenses, incur lost wages, to lose time from his daily pursuits, to lose the ability to function normally, and he suffered impairment of his future earnings.

**WHEREFORE** Plaintiffs demand compensatory damages to be proven at trial in excess of the jurisdictional amount of $75,000; all costs and expenses of this lawsuit, including attorneys' fees; enhanced compensatory damages as permitted by law; punitive damages in an amount to be determined at trial; and all other and further relief that justice may require.

## COUNT IV – *Premises Liability*

74. Plaintiffs incorporate and reallege all paragraphs of this Complaint into this Count.

75. While on Kingsman Academy's premises, M.D. was a business invitee of Kingsman Academy.

76. Kingsman Academy owed M.D. a duty to use reasonable care under all circumstances in the maintenance and operation of the premises, and to take reasonable precautions to protect him against foreseeable dangers arising out of the arrangements or use of the premises.

77. Kingsman Academy, through their owners, managers agents, and/or staff, breached their duty owed to M.D. by, among other things:

   a. Failing to properly protect M.D., a minor, from bullying, harassment and assault;

   b. Improperly protecting M.D., a minor, from bullying, harassment and assault;

   c. Failing to investigate, correct, and/or otherwise address the openly pervasive environment of bullying and harassment that existed between its male students;

    d. Ignoring and/or otherwise failing to properly address complaints about numerous instances of bullying, harassment and assaults occurring on the Kingsman Academy campus;

    e. Failing to promptly report M.D.'s assault to the authorities;

    f. Failing to take any action to prevent retaliation against M.D. after his experiences with bullying, harassment and assault were reported to Kingsman Academy;

    g. Failing to heed numerous warnings regarding broken metal detectors and lax security; and

    h. Failing to supervise, monitor, and/or train staff to handle reports of bullying, harassment and assault appropriately and adequately.

78. Kingsman Academy knew or should have known that it created an environment in which male students frequently engaged in bullying and harassment towards other students that often culminated in physical violence.

79. Kingsman Academy knew or should have known that it had created an opportunity for M.D. to be violently assaulted and harassed and that the lack of protocols for which incidents of harassment and assault were reported and corrected were woefully insufficient.

80. Kingsman Academy failed to provide adequate training, monitoring, and supervision of its employees concerning reports of bullying, harassment and assault.

81. Kingsman Academy carelessly and recklessly failed to supervise its male students, even after specific complaints of bullying, harassment and assault had been lodged against them by various students, including M.D.

82. Kingsman Academy's conduct was wanton, malicious, or oppressive in that Kingsman Academy disregarded or exhibited reckless indifference to the foreseeable risks of harm and acted with ill will, hatred, hostility, a bad motive, or the intent to abuse its power.

83. As a direct and proximate cause of Kingsman Academy's violation of its fiduciary duty to him, M.D. has experienced and will likely continue to experience severe emotional distress accompanied by physical manifestations (such as nausea, vomiting, elevated heart rate, sweating, nightmares, night terrors, and inability to sleep) and other harms to be established at trial.

84. As a direct and proximate result of Kingsman Academy's negligence, M.D. sustained serious injuries, had to undergo treatment and medical care, to incur medical expenses, incur lost wages, to lose time from his daily pursuits, to lose the ability to function normally, and he suffered impairment of his future earnings.

**WHEREFORE** Plaintiffs demand compensatory damages to be proven at trial in excess of the jurisdictional amount of $75,000; all costs and expenses of this lawsuit, including attorneys' fees; enhanced compensatory damages as permitted by law; punitive damages in an amount to be determined at trial; and all other and further relief that justice may require.

## COUNT V – *Intentional Infliction of Emotional Distress*

85. Plaintiffs incorporate and reallege all paragraphs of this Complaint into this Count.

86. Kingsman Academy owed M.D. a duty to use reasonable care under all circumstances in the maintenance and operation of the premises, and to take reasonable precautions to protect him against foreseeable dangers arising out of the arrangements or use of the premises.

87. Kingsman Academy, through their owners, managers agents, and/or staff, breached their duty owed to M.D. by, among other things:

14

a. Failing to properly protect M.D., a minor, from bullying, harassment and assault;

b. Improperly protecting M.D., a minor, from bullying, harassment and assault;

c. Failing to investigate, correct, and/or otherwise address the openly pervasive environment of bullying and harassment that existed between its male students;

d. Ignoring and/or otherwise failing to properly address complaints about numerous instances of bullying, harassment and assaults occurring on the Kingsman Academy campus;

e. Failing to promptly report M.D.'s assault to the authorities;

f. Failing to take any action to prevent retaliation against M.D. after his experiences with bullying, harassment and assault were reported to Kingsman Academy;

g. Failing to heed numerous warnings regarding broken metal detectors and lax security; and

h. Failing to supervise, monitor, and/or train staff to handle reports of bullying, harassment and assault appropriately and adequately.

88. Kingsman Academy knew or should have known that it created an environment in which male students frequently engaged in bullying and harassment towards other students that often culminated in physical violence.

89. Kingsman Academy knew or should have known that it had created an opportunity for M.D. to be violently assaulted and harassed and that the lack of protocols for which incidents of harassment and assault were reported and corrected were woefully insufficient.

90. Kingsman Academy failed to provide adequate training, monitoring, and supervision of its employees concerning reports of bullying, harassment and assault.

91. Kingsman Academy carelessly and recklessly failed to supervise its male students, even after specific complaints of bullying, harassment and assault had been lodged against them by various students, including M.D.

92. Kingsman Academy's conduct was wanton, malicious, or oppressive in that Kingsman Academy disregarded or exhibited reckless indifference to the foreseeable risks of harm and acted with ill will, hatred, hostility, a bad motive, or the intent to abuse its power.

93. As a direct and proximate cause of Kingsman Academy's violation of its fiduciary duty to him, M.D. has experienced and will likely continue to experience severe emotional distress accompanied by physical manifestations (such as nausea, vomiting, elevated heart rate, sweating, nightmares, night terrors, and inability to sleep) and other harms to be established at trial.

94. As a direct and proximate result of Kingsman Academy's negligence, M.D. sustained serious injuries, had to undergo treatment and medical care, to incur medical expenses, incur lost wages, to lose time from his daily pursuits, to lose the ability to function normally, and he suffered impairment of his future earnings.

**WHEREFORE** Plaintiffs demand compensatory damages to be proven at trial in excess of the jurisdictional amount of $75,000; all costs and expenses of this lawsuit, including attorneys' fees; enhanced compensatory damages as permitted by law; punitive damages in an amount to be determined at trial; and all other and further relief that justice may require.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues in this action so triable.

                                                        Respectfully submitted,

                                                        /s/Derek Braslow
                            BY:   Derek Braslow (Bar No.PA0100)
                                   Christina Graziano (*pro hac vice* to be filed)
                                   KETTERER, BROWNE & ASSOCIATES, LLC

336 S Main St.
Ste. 2A-C
Bel Air, MD 21014
Phone: 410-220-2341
Fax: 855-572-4637
derek@KBAAttorneys.com
Christina@KBAAttorneys.com