UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| TIFFANY BAILEY, AS PARENT AND NEXT FRIEND OF M.D., A MINOR,  )<br>)<br>)<br>Plaintiff,                                    )<br>)<br>v.                                                )<br>)<br>KINGSMAN ACADEMY PUBLIC    )<br>CHARTER SCHOOL,                       )<br>)<br>Defendant.                               )<br>_____) | Case No. 1:21-CV-02883-RDM |

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION TO STRIKE**

The Opposition filed by plaintiff's counsel (Doc #23) is outrageously accusatory, disrespectful and rife with unfair, wrong and unsubstantiated allegations towards Defendant's counsel.[1] In contravention of this Court's rules and processes, the Opposition fails to provide actual evidentiary support, documents and substantive legal analysis in response to Defendant's Motion to Strike Appearance of Plaintiff's counsel (Doc. #22).

First, Plaintiff's counsel did not respond directly to any of the exhibits which demonstrate a compelling case of unauthorized practice. Counsel did not address, for example, **Exhibit 2** and **Exhibit 4** to the motion. In those filings, Ms. Graziano's law partner moved her admission *pro hac vice* in the federal court in Maryland and gave his address in Bel Air, Maryland, and Ms. Graziano—on the same page—did not list her acknowledged office at the same address in

---

[1] Plaintiff states, in part, "This Motion is entirely meritless and is little more than a transparent attempt by counsel to retaliate for the discovery disputes that exist between the parties to date. Defense counsel has painted herself into a corner through her own conduct (that consists of missteps at best and lies at worse) and displays of bad faith made throughout the discovery process… This motion not filed in good faith, and it is the exact kind of personal, distasteful, unprofessional conduct that this Court decries."  Plaintiff's Opposition (Doc #23, at p.1, 3)

Maryland but instead used a mailbox address in Massachusetts. Obviously called upon by this motion to provide some explanation for this and other facial inconsistencies, Mr. Graziano says "well, no one objected," as if that were a sufficient answer.[2]

Likewise, in the Opposition Ms. Graziano does not acknowledge, much less respond to, the Maryland rules and cases cited in the motion in support of the conclusion that by maintaining a law office in Maryland without being admitted in Maryland—and not meeting any exceptions allowed under the law—Ms. Graziano has been, and still is, engaged in the unauthorized practice of law under Rule 5.5. Ms. Graziano's Opposition, though, does confirm that even as of today, she is practicing from a law office in Maryland, where she lives and works without being admitted to the Maryland Bar. She further confirms that it was not until at least 15 months after taking up permanent residency in Maryland working for a Maryland-based law firm that she applied for admission to the Maryland Bar. *See* Opposition at 2.

Next, Ms. Graziano's protest of "no one objected" is particularly inapt given that she did not disclose all the facts regarding her practice and her status. For example, she did not advise this Court in connection with the *pro hac vice* motion filed in January 2022 that she had recently applied for admission to the Maryland Bar in October 2021. This would appear to be relevant information for the Court's consideration but maybe she was afraid of drawing attention to the fact that she was operating from a Maryland law office at the time; or maybe she was afraid of having someone discover—as everyone now has—that she was simultaneously telling the federal court in Maryland that she did not have ***any*** law office in Maryland. Regardless, it is an inconsequential

---

[2] The Pacer docket for the case identified in **Exhibit 2** still identifies Ms. Graziano's notice address as the mailbox in Boston, not the Maryland address that she is using in this court as her address. *See* Pacer docket for *Barber* case (D. Md. 1:21-cv-00691 (RDB)), site last visited July 5, 2022, copy attached as **Exhibit A**.

excuse for Ms. Graziano to assert that "no one objected" when she was not forthcoming with the Court.

In the Opposition, Plaintiff's counsel failed to distinguish Defendant's cited case law or offer any supportive case law in support of her conclusion that her appearance should not be stricken, arising from her failures to fully apprise the federal courts in Maryland and D.C. of her actual practice of law and attorney status. Plaintiff's counsel's attorney representations that were made to the respective courts <u>at the time</u> she moved to be admitted *pro hac vice* into the United States District Court for the District of Columbia (Doc #11 on 1/18/2022) and <u>at the time</u> she moved to be admitted *pro hac vice* into the United States Court for the District of Maryland are crucial, not what her status is now. See also Defendant's Exhibit 2.

In the Opposition, Plaintiff's counsel failed to provide any evidentiary support or documents for consideration, such as an Affidavit or unproduced documents referenced by her. Plaintiff's counsel complains, at various points in her Opposition, that the subject motion to strike was "frivolous," "specious," "predicated on twisted facts and false assumptions," and "not filed in good faith." To the contrary, good faith, due diligence and supportive, publicly available evidence were used to investigate her practice of law. For example, numerous exhibits were attached to Defendant's motion that have not been rebutted by Plaintiff's counsel at all. In addition, as verified in the attached Affidavit, general counsel for Kingsman Academy, Paul J. Kiernan, affirms that his follow-up effort to determine the unsubstantiated representation of Plaintiff's counsel in her Opposition that "the process of clearing her for admission [to the Maryland bar] is nearing completion," was unsuccessful as this is not a matter of public record, and Plaintiff's counsel's referenced documents are not available to the public, ie. Ms. Graziano's application for admission, "investigation summary" and the email from Mr. Raymond A. Hein,

Director of Character & Fitness for the Maryland State Board of Law Examiners. *See* Affidavit of Paul J. Kiernan, attached as **Exhibit B**.

Ultimately, the only "defense" that Ms. Graziano is raising is that it is too late for the Court to reconsider its decision granting her *pro hac vice* status. Having succeeded in obtaining a minute order the day the motion was filed, she wants to close the door on any further discussion even when full and complete facts, some uniquely within her possession, were not shared with the Court. While it is fair to say that most *pro hac vice* motions are uncontested, it is also fair to say that most such motions are not scrutinized in real time as this one has been now. And with the facts now before this Court, it is not appropriate for Ms. Graziano to urge that everyone should ignore them, even if she is poised at some point to be admitted to the Maryland Bar.[3]

WHEREFORE, defendant Kingsman Academy Public Charter School respectfully requests that the Court strike the pro hac vice appearance of Plaintiff's counsel, Christiana Graziano.

---

[3] Ms. Graziano references communications she has had with the Maryland State Board of Bar Examiners, see Opposition at 3, but did not identify what information she had provided in her application for admission regarding her practice in the State of Maryland in the years 2020-2022. This Court should not conclude from Ms. Graziano's truncated description of the communications that somehow the Maryland Bar has "blessed" Ms. Graziano's multi-year practice or even that the Bar was advised by her of the truth of her situation and statements to various courts about what she was doing and from where.

Respectfully submitted,

*/s/ Deborah E. Kane*
Deborah E. Kane, Esquire
DC Bar # 433925
PO Box 14503
Des Moines, IA 50306-3503
Phone: 301-661-8483
Fax: 515-267-5431
dkane@guideone.law
*Counsel for Defendant*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of July, 2022, a copy of Defendant's Reply Brief in Support of Motion to Strike was served via email and the originals will be maintained in undersigned counsel's office until the conclusion of this case, to:

Christina Graziano
Derek T. Braslow
KETTERER, BROWNE & Associates, LLC
336 S. Main Street, Suite 2A-C
Bel Air, MD 21014
*Counsel for Plaintiff*

*/s/ Deborah E. Kane*
Deborah E. Kane, Esquire